**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| DR. JUDITH COTHRAN,<br><br>Plaintiff,<br><br>vs.<br><br>Advocate Health and Hospitals Corporation d/b/a Advocate Trinity Hospital (Advocate) Dr. Richard Multack and Karissa Burnson R.N.,<br><br>Defendants. | ) | Civil Action No. 1:24-cv-7251 |

**PLAINTIFF DR. JUDITH COTHRAN MOTION FOR A TEMPORARY RESTRAINING ORDER**

NOW COMES the Plaintiff, Dr. Judith Cothran, by and through her Attorney's Lee Pulliam & Associates and moves this Honorable Court for a Temporary Injunctive Relief against the Defendant, Advocate Health and Hospitals Corporation d/b/a Advocate Trinity Hospital (Advocate) and in support hereof states as follows:

**BACKGROUND**

1. Plaintiff filed a five count Complaint on August 14, 2024, alleging violations of 42 U.S.C. §1981 through 42 U.S.C. §1983 for the deprivation of Plaintiff's property and liberty interests including claims of race discrimination, retaliation, and defamation. (Docket. No. 1).

2. Plaintiff's Complaint was filed with fourteen (14) exhibits. *See* Exhibits A – N, attached to Plaintiff's Complaint. Exhibits A – N include emails, text messages, agreements, and other documentation, which contained confidential PHI of some patients. *Id.* These exhibits also contained confidential and privileged information protected by the Illinois Medical Studies Act (735 ILCS 5/8-2101) and the Illinois Mental Health and Developmental Disabilities Act (740 ILCS 110/2).

3. On August 15, 2024, Plaintiff filed an Amended Complaint again attaching all of these same exhibits. (Docket. No. 5).

4. On August 30, ADVOCATE filed a motion to strike and remove from the record exhibits containing protected health information and privileged information.[1] (Docket. No. 9).

5. On September 3, 2024, this court entered an order granting ADVOCATE's motion to strike and directing the Clerk to immediately place docket items 1 and 5 under seal. (Docket. No. 10).

6. That Defendant Advocate also asked this Court for sanctions against the Plaintiff regarding said filings, and the Court denied sanctions against the Defendant.

***7.*** That thereafter, on or about September 11, 2024, and dated September 6, 2024, Plaintiff received a letter from Mr. Michael Farrell, Defendant's President of Advocate Children's Hospital and Interim President, Christ Hospital and South Chicagoland Area, stating among other things, that the Plaintiff's privileges at their facility had been suspended for her violation of HIPPA safeguards. (**EXHIBIT A** – ***Michael Farrell, President of Advocate Children's Hospital and Interim President, Christ Hospital and South Chicagoland Area, letter addressed to Dr. Judith Cothran, 9/6/24)***

8. That said letter seeks, among other matters, to immediately suspend the Plaintiff's hospital privileges as well as to compel her to seek coverage for her patients at the Defendant's facilities.

9. This letter of suspension is in addition to the letter received from the Defendant to the Plaintiff on August 29, 2024, which had suspended her privileges at the Defendant's facilities, and ordered her to, among other disciplinary matters, to undergo counseling, prior to a hearing to determine whether or not the charges lodged against her were justified and/or ratified by a hearing on the matters asserted. ***(EXHIBIT B – Michelle Blakely, PhD., President, Advocate South Suburban Hospital and Advocate Trinity Hospital, letter addressed to Dr. Judith Cothran, 8/29/24).***

10. That this action by Defendant Advocate is retaliatory and seeks to sanction and punish the Plaintiff in spite of the prior Court's Order.

## ARGUMENT

11. The Plaintiff filed her Complaint on August 14, 2024, and then filed her 1st Amended Complaint a day later prior to issuance of summons in this matter.

12. The Plaintiff is a covered entity with regard to HIPPA Health Care Operations 45 CFR 164 501 to the extent such activities are related to the covered entity's covered functions 45CFR 164.514(d)(3)(iii)(C).

13. The statue gives permission for the covered entity to share protected health information with her lawyer for litigation purposes.

*14.* When contacted by Defendant's Counsel regarding alleged HIPPA violation, Plaintiff's attorney worked with Defendant's Counsel to provide for safeguarding the protected HIPPA information including but not limited to confirming that he and his paralegal are the only persons that he has communicated with regarding the HIPPA information. ***EXHIBIT C – Exchanged emails between Plaintiff's and Defendant's Attorneys, 9/9/24)***

15. Plaintiff's Attorney has stated in conversations and emails to Defendant's attorneys, that he would join an agreed Protective Order regarding the other communications in this matter.

16. In this matter the disclosure of PHI in a manner not permitted by HIPAA, which compromises the security or privacy of PHI. 42 CFR § 164.402. is presumed to be reportable – a reportable breach – unless the covered entity or business associate demonstrates that there is a low probability that the PHI has been compromised. *Id*.

17. As a covered entity, ADVOCATE has investigated the scope of the breach in this forum.

18. A Temporary Restraining Order is appropriate in that:

A. Plaintiff is likely to succeed on the merits of her claim

B. Unless Defendant's conduct is enjoined and Plaintiff granted her

requested relief, Plaintiff and her patients will be irreparably injured in that, her patients will suffer from the lapse of her continued care of their medical needs; the Plaintiff will lose income that sustains her ability to pay her bills, including her mortgage and medical malpractice insurance, thus preventing her from practicing medicine.

C. If the suspension is not enjoined, greater injury will be inflicted upon Plaintiff and her patients than harm to the Defendants

D. The Public interest will be served by allowing Plaintiff to retain her ability to work and to care for her patients.

19. Because the disciplinary hearings, especially in the last instance are retaliatory, scheduled by the Defendants against the Plaintiff, and punitive actions have already been threatened by the Defendants, and scheduled to take place immediately prior to a hearing as such time is of the essence.

20. In support of Plaintiff's request the Plaintiff's Affidavit, and Plaintiff's Counsel's Certification is attached hereto.

***21.*** In accordance with the meet and confer Local Rule 37.2, counsel for Plaintiff and ADVOCATE discussed this matter in advance of filing this motion. ***(EXHBIT D – Written communication between Attorney Pulliam, for the Plaintiff, and Heather A. Bailey, for the Defendants, dated 9/11/24).***

**This matter is before the court on August 20, 2024 at 9:30a.m.**

WHEREFORE, Plaintiff Dr. Judith Cothran, respectfully requests that this Honorable Court issue a Temporary Restraining Order enjoining the Defendant from conducting disciplinary action against the Plaintiff as set forth in Exhibits A, and B, and for such other relief as this Court deems just and equitable.

Respectfully submitted,
/s/ Lee Pulliam

Lee Pulliam & Associates
P.O. Box 166
Oak Park, IL. 60303
T: 708/829-1421
Lpulliamlaw@sbcglobal.net
ARDC# 2263122
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, a true and exact copy of the foregoing was electronically served by transmission of Notice of Electronic Filing generated by CM/ECF to all parties of record as of issuance of filing.

/s/ Lee Pulliam

| | | |
|---|---|---|
| DR. JUDITH COTHRAN,<br><br>Plaintiff,<br><br>vs.<br><br>ADVOCATE HEALTHCARE<br>Dr. Richard Multack and<br>Karissa Burnson R.N., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>Civil Action No. 1:24-cv-7251<br><br>Judge Matthew F. Kennelly |

**ATTORNEY STATEMENT IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

Lee Pulliam states as follows:

1. I am the attorney for Plaintiff Dr. Judith Cothran in this matter.

2. I have made the following attempts to contact Defendants to provide notice of this action and resolve the issue regarding the disciplinary proceeding initiated against the Plaintiff without the requested temporary restraining order:

   A. I informed Defendant's Attorneys, that the matters that the Defendant Advocate have noticed the Plaintiff with disciplinary hearing are the matters currently before the Court and under purview of this Honorable Court. Their response is attached herein.

   B. I provided Defendants' counsel, with a copy of the pleadings filed in this matter by email dated September 13, 2024.

   C. On September 11, 2024, I spoke with Defendant's Counsel who indicated that they would speak with the Defendant Advocate.

   D. Due to the proximity of the disciplinary and retaliatory hearings scheduled by the Defendants and because Defendants have failed to rescind and or adjourn the Scheduled disciplinary punishment and hearings, it is necessary to file this **Motion** for a Temporary Restraining Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 13, 2024

/s/Lee Pulliam, Attorney