IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. JUDITH COTHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24 C 7251 |
| ) | |
| ADVOCATE HEALTHCARE, ) | |
| DR. RICHARD MULTACK, and ) | |
| KLARISSA BRUNSON, R.N., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dr. Judith Cothran has sued Advocate Health & Hospitals Corp., Dr. Richard Multack, and Karissa Burnson (spelled "Brunson" in the complaint but "Burnson" by the defendants). Dr. Cothran is a medical doctor who worked by contract for Advocate Trinity Hospital. Her amended complaint identifies Dr. Multack as the hospital's chief medical officer and Ms. Burnson as a registered nurse employed at the hospital.

Dr. Cothran's specialty is obstetrics and gynecology, and she worked on contract at Trinity during the period relevant to her lawsuit. She is African American. Dr. Cothran alleges that she was subjected by Dr. Multack and others to less favorable terms and conditions of employment, false complaints, verbal harassment, and improper investigations without a fair opportunity to respond, due to her race and, at least for some of the adverse actions, in retaliation for her complaint(s). Dr. Cothran alleges that Advocate summarily terminated her contract without good cause in December 2023 and

suspended her privileges at the hospital without good cause in July 2024. This followed an investigation resulting from a complaint by Ms. Burnson—which Dr. Cothran says was false—that Dr. Cothran had pushed her in a hospital room while or just after delivering a baby.

## Discussion

Dr. Cothran's amended complaint includes five claims. Count 1 is a claim against all three defendants that she was subjected to a hostile work environment due to her race and in retaliation for complaints, in violation of 42 U.S.C. § 1981. Count 2 is a claim against Advocate and Dr. Multack for wrongful termination based on race and in retaliation for complaints, also in violation of section 1981. Count 3 is a claim against Advocate and Dr. Multack under 42 U.S.C. § 1983 for violation of Dr. Cothran's equal protection rights. Count 4 is entitled "equitable relief" and seeks reinstatement and expungement of damaging information, as well as other relief, based on Dr. Cothran's other claims. Count 5 is a claim of defamation against all three defendants.

The defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Dr. Cothran's claims for failure to state a claim upon which relief may be granted. In considering the motion, the Court reads the complaint's factual allegations as true and makes reasonable inferences from those allegations in Dr. Cothran's favor, , *see, e.g., Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 646 (7th Cir. 2017), and determines whether she has stated plausible claims for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. **Retaliation claims (parts of Counts 1 and 2)**

Defendants argue that neither Count 1 nor Count 2 of Dr. Cothran's amended

2

complaint adequately states a claim for retaliation under 42 U.S.C. § 1981. Retaliation claims under section 1981 are assessed the same way as retaliation claims under Title VII of the Civil Rights Act of 1964. *See, e.g., Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017). The plaintiff must adequately allege that: (1) she engaged in activity protected by the statute; (2) she suffered an adverse action at the hands of the defendant; and (3) there was a causal connection between the two. *See, e.g., Clacks v. Kwik Trip, Inc.*, 108 F.4th 950, 958 (7th Cir. 2024).

Defendants contend that Dr. Cothran has not adequately alleged that she complained about harassment or discrimination based on race and thus cannot satisfy the first element. To constitute activity protected by section 1981, a complaint must involve discrimination prohibited by that statute, *see, e.g., Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir. 1998), namely, discrimination based on race or ethnicity. *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

Dr. Cothran does not allege in her amended complaint that her internal complaints about mistreatment made specific reference to race-based discrimination. But the law does not necessarily require that. "[A] [plaintiff's] complaint constitutes protected activity when the [defendant] understood, or should have understood, that the plaintiff was opposing discriminatory conduct." *Burgess v. Bowen*, 466 F. App'x 272, 282 (4th Cir. 2012); *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 291-92 (2d Cir. 1998). This requires assessing "whether the complaint could reasonably have led the [defendant] to understand the nature of the complaint in the context in which it was made," *Burgess*, 466 F. App'x at 282; the plaintiff is not required to have used legal terms or "buzzwords." *See, e.g., Kelley v. Sun Microsystems, Inc.*, 520 F.

3

Supp. 2d 388, 403 (D. Conn. 2007).

At this point we are talking only about the adequacy of Dr. Cothran's amended complaint, not the sufficiency of the evidence that she can muster. When Dr. Cothran alleges, as she does, that she was discriminated against or harassed based on her race, *see, e.g.*, Am. Compl. ¶¶ 49-52, 120, 121, 133, and that she "complained about *this* disparate discrimination and retaliation on many occasions," *id.* ¶ 134 (emphasis added), that's enough for pleading purposes to allege she engaged in conduct protected under section 1981.

Defendants also seem to contend, though rather vaguely, that Dr. Cothran has not sufficiently alleged a causal connection between her complaints and the claimed retaliation. *See* Defs.' Mem. at 8. If that is indeed what defendants are arguing, the Court disagrees. Dr. Cothran only has to plausibly allege causation at this point, not prove it, and she has done so.

The Court agrees with defendants, however, that Dr. Cothran's amended complaint does not allege a sufficient basis to hold Ms. Burnson liable for retaliation. Under section 1981, an individual (as opposed to the other contracting party, here Advocate) may be held liable only if she participated in the alleged retaliatory conduct. *See, e.g., Carter v. Chi. State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015). Ms. Burnson's only involvement in claimed retaliation involves her allegation that Dr. Cothran pushed her. But there is no allegation in the amended complaint that Ms. Burnson was aware of Dr. Cothran's earlier complaints to the hospital or that she made her allegation against Dr. Cothran because of Dr. Cothran's complaints. (There is an allegation that "the Defendants" summarily terminated Dr. Cothran's contract, *see* Am. Compl. ¶ 143, but

4

this is not plausible vis-à-vis Ms. Burnson, who was not among Dr. Cothran's supervisors or a member of management.) The Court therefore dismisses any retaliation claims against Ms. Burnson.

Dr. Multack, however, is not entitled to dismissal on this basis. The allegation that "the Defendants" were involved in terminating Dr. Cothran's contract, Am. Compl. ¶ 143, is plausible vis-à-vis Dr. Multack, who is alleged to have been the hospital's chief medical officer, and there is a square allegation against him of retaliatory harassment, in paragraph 133 of the amended complaint.

**2.    Hostile work environment claim (Count 1)**

Count 1 also includes a hostile work environment claim under section 1981. There is no basis to hold Ms. Burnson, a co-worker, liable for creating or maintaining a racially hostile work environment given her claimed involvement in just a single incident. Dr. Cothran does not provide viable argument to the contrary in her response to the motion to dismiss. Count 1 is therefore dismissed in its entirety as to Ms. Burnson.

Defendants also argue that events that occurred more than four years before Dr. Cothran filed suit in August 2024 given the four-year limitations period that applies to section 1981 claims. The Court disagrees. The "very nature [of a hostile work environment claim] involves repeated conduct," and "in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). In such a case, "if an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability." *Id.* at 117. In this case, there is at least one alleged act within the four years predating August 2020, and thus

circumscribing Dr. Cothran's claim at this stage of the litigation would be inappropriate.

The remainder of defendants' arguments regarding the hostile work environment claim lack merit, at least for purposes of a motion to dismiss for failure to state a claim. Their arguments largely involve breaking down the claim into its constituent parts and arguing that each, individually, is insufficient. That's not an appropriate analysis, at least for purposes of a motion to dismiss. Defendants do not advance in their motion an argument that the *totality* of the allegedly hostile conduct by Dr. Multack and the hospital is insufficient. And Dr. Cothran sufficiently alleges that the conduct was based on her race; *overtly* racially-tinged actions or statements are not required. *See, e.g., EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 626 (7th Cir. 2018) (assessing a hostile work environment claim based on gender); *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 544 (7th Cir. 2011) ("To support a hostile work environment claim, the plaintiff need not show that the complained-of conduct was explicitly racial, but must show it had a racial character *or purpose.*" (emphasis added)).

For these reasons, neither Advocate nor Dr. Multack is entitled to dismissal of Count 1, but Ms. Burnson is.

3. **Termination claim (Count 2)**

Count 3 is a claim under section 1981 for wrongful termination of Dr. Cothran's contract with Advocate. Defendants argue that Dr. Cothran does not allege that the contract was terminated because of her race. The Court disagrees. The pertinent allegations are found, among other places, in paragraph 143 of the amended complaint, where Dr. Cothran alleges the contract "was summarily terminated by the Defendants," and paragraph 149, where she alleges that "Advocate and Dr. Richard F. Multack's

conduct was motivated by the fact that Dr. Cothran is African American." The Court also disagrees—for the same reason—with defendants' contention that Dr. Cothran does not allege that Dr. Multack was involved in the termination. Section 1981 permits an individual to be held liable if he participated in the discriminatory or retaliatory conduct, *see, e.g., Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012); *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985), and Dr. Cothran has adequately alleged that here.

For these reasons, neither Advocate nor Dr. Multack is entitled to dismissal of Count 2 (Ms. Burnson is not named as a defendant on Count 2).

4.  **Claim under 42 U.S.C. § 1983 (Count 3)**

Dr. Cothran concedes that Count 3, a claim under 42 U.S.C. § 1983, should be dismissed for failure to state a claim, as none of the defendants are state actors.

5.  **Equitable relief "claim" (Count 4)**

Count 4 does not assert a separate claim; it simply seeks a type of relief—specifically an injunction. As such, Count 4 is dismissed as duplicative of Dr. Cothran's other claims. If Dr. Cothran prevails on any of her other claims, she will be "grant[ed] the relief to which [she] is entitled, even if [she] has not demanded that relief in [her] pleadings." Fed. R. Civ. P. 54(c). That would include an injunction, if appropriate on the particular claim at issue.

6.  **Defamation claim (Count 5)**

Dr. Cothran's defamation claim is premised on the defendants' "false statements to third parties that . . . Dr. Cothran had pushed Nurse Brunson [sic], and violated hospital rules and procedure in doing so." Am. Compl. ¶ 181. (Dr. Cothran's response to the motion to dismiss rather vaguely suggests that more is involved, *see* Pl.'s Resp.

at 19, but Count 5 references only the "pushing" statement.) The amended complaint asserts this claim against all three defendants—Ms. Burnson for making the allegedly defamatory statement in the first instance, and the other two defendants for republishing it.

To state a claim for defamation under Illinois law, a plaintiff must allege "facts showing that the defendants made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 459 (2009). If a statement's harm is obvious and apparent on its face, it is defamatory *per se*. *Id.* In Illinois, only five categories of statements are considered defamatory *per se*:

> (1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession; and (5) words that impute a person has engaged in adultery or fornication.

*Id.* at 491-92, 917 N.E.2d at 459. A statement that falls into one of those categories is not actionable *per se*, however, if the statement is "reasonably capable of an innocent construction." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (Illinois law).

Though one might think that Dr. Cothran contends that Ms. Burnson's alleged statement "impute[d] that [Dr. Cothran] committed a crime"—namely, battery—she does not make that argument in her response to the motion to dismiss. Rather, she contends that the statement "is defamation *per se*, since the alleged defamatory statements suggest that Plaintiff either failed to perform her duties as a Physician with integrity or otherwise prejudiced Dr. Cothran in that profession." Pl.'s Resp. at 21-22.

8

Defendants argue that the statement's context brings the innocent construction rule into play. They rely on paragraph 91 of the amended complaint, in which Dr. Cothran alleges that "[o]nor about August 15, 2024, Plaintiff was falsely accused by Klarissa Brunson [sic] of 'pushing' with her while Plaintiff was resuscitating a newborn infant that Plaintiff delivered." Am. Compl. ¶ 91. The Court agrees with defendants that if that was the statement made by Ms. Burnson and repeated by the other defendants—Dr. Cothran pushed her while resuscitating a newborn—then Dr. Cothran's claim would fail under the innocent construction rule. The reason for this is that "the context of a statement is critical in determining its meaning," *Tuite v. Corbitt*, 224 Ill. 2d 490, 512, 866 N.E.2d 114, 127 (2006), and if stated with that context, the statement would be reasonably capable of an innocent construction.

But this allegation in the amended complaint—"while . . . resuscitating a newborn"—appears to involve context added by Dr. Cothran or her attorney in explaining the event in the amended complaint, not context that was part of the statement when it allegedly was made. When described in Count 5 itself, the statement by Ms. Burnson is characterized simply as "Dr. Cothran had pushed Nurse Brunson [sic], and violated hospital rules and procedure in doing so." Am. Comp. ¶ 181.

Without more information regarding the claimed statement's context *as it was made*, the Court is not prepared to say that Dr. Cothran's claim is barred by the innocent construction rule. A statement that a physician pushed a nurse in violation of hospital rules—which is the way Dr. Cothran alleges it in Count 5—is reasonably construed as prejudicing the physician, Dr. Cothran, in her profession. Thus Count 5 survives, at least for now.

9

## Conclusion

For the reasons stated above, the Court dismisses Count 3 of plaintiff's amended complaint for failure to state a claim; dismisses Count 4 without prejudice as duplicative of other claims; and dismisses Count 1 as to defendant Burnson (Count 2 is not asserted against Burnson). The defendants are directed to answer the claims that have not been dismissed by no later than January 27, 2025. Counsel are directed to confer regarding a discovery and pretrial schedule in advance of the January 7, 2025 telephonic status hearing and are to be prepared to set a schedule at that hearing.

Date: January 5, 2025

_____
MATTHEW F. KENNELLY
United States District Judge