**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUDITH COTHRAN, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-7251 |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION, DOROTHY ANOINA, M.D. RICHARD MULTACK, D.O., and KARISSA BURNSON, R.N., | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order of June 8, 2026 (Dkt. # 141), the parties respectfully submit the following Joint Status Report:

## I. CURRENT DISCOVERY SCHEDULE

On June 8, 2026, the Court entered an order extending the written fact discovery and document production deadline to July 17, 2026, and setting an oral fact discovery deadline of December 22, 2026. (Dkt. # 141).

## II. STATUS OF WRITTEN DISCOVERY AND PENDING DISCOVERY MOTIONS

On May 15, 2026, the Court ordered Advocate to produce PSE/Midas reports for physicians with 8 or more behavior-related reports. (Dkt. # 130). Advocate completed the production on June 5, 2026.

*Plaintiff reports:* Defendants' written discovery responses remain incomplete. On June 25 and 26, 2026, Plaintiff filed three Motions to Compel to address the deficiencies: (1) Motion for Ruling on Pending Issues Raised in Prior Motion to Compel (Dkt. # 133); (2) Motion to Compel

Advocate to Produce Redacted Information Withheld on Account of Privilege, Relevance, and Confidentiality[1] (Dkt. # 134); and (3) Motion to Compel Advocate and Burnson to Supplement Their Production and Advocate and Anoina to Respond to Additional Written Discovery. (Dkt. # 138). All three motions remain pending.

*Defendants report:* Defendants have complied with all written discovery obligations per the Federal Rules and Orders of this Court and will be filing responses in opposition to Plaintiff's requested relief.

The Court ordered Defendants to respond to the first two Motions to Compel by July 9, 2026, and the third Motion to Compel by July 10, 2026, and set an in-person status hearing for July 14, 2026. (Dkts. # 137 and # 142).

## III. STATUS OF ORAL DISCOVERY

Plaintiff has taken three depositions to date (Defendant Burnson, Advocate RN Arnold, and subpoenaed third-party Dr. Barron), and Defendants have deposed the Plaintiff.

On April 17, 2026, Plaintiff served deposition notices for Defendant Dr. Dorothy Anoina and former employee Rashard Johnson. Plaintiff is awaiting confirmation from defense counsel of the proposed in-person deposition date of July 28, 2026 for Dr. Anoina, and the parties are continuing to confer on a date for Mr. Johnson's deposition.

On May 27, 2026, Plaintiff served a Rule 30(b)(6) deposition notice identifying matters for examination. Advocate objected to some of the matters for examination. Counsel for the parties met and conferred on the topics, and, on June 15, 2026, Plaintiff served an amended list of matters for examination. Plaintiff has requested that Advocate identify the witnesses who will testify on

[1] This motion relates to Advocate's privilege log for its ESI redactions. Advocate produced a separate privilege log for documents withheld on account of attorney-client privilege and work-product doctrine. That privilege log contains over 1,400 entries. Plaintiff is continuing its review of the voluminous log and may file a separate motion relating to those privilege assertions.

the 30(b)(6) matters for examination and provide available dates. As of this filing, Advocate has identified 7 individuals who will testify to at least 7 of the 17 distinct deposition topics Plaintiff included in her amended list of matters for examination. *See* **Ex. 1**. Plaintiff proposed to take the deposition of two of those designees on July 21, 2026, and Advocate confirmed one deposition for that date and stated it would respond the week of July 6, 2026 regarding the second. Advocate has not provided dates for the remaining 5 designees or designees or dates for the remaining 10 matters for examination. Defense counsel advised that they are continuing to conduct meetings with their Advocate clients to designate representatives for the remaining 10 topics.

*Defendant asserts:* Many of the witnesses possess overlapping knowledge, and Defendants are using best efforts to minimize the total number of corporate representatives to help reduce the time and expense of oral discovery.

On June 26, 2026, Plaintiff served deposition notices for two additional Advocate employees, Megan Carothers and Dr. Kareen Simpson. Defense counsel is working on dates for Ms. Carothers and has advised that Dr. Simpson will be presented in both her individual capacity and as a Rule 30(b)(6) designee for at least 2 topics in Plaintiff's amended notice. Plaintiff is awaiting confirmation from defense counsel on the dates proposed in the notices.

### A. **Plaintiff's Position Regarding the Number of Depositions to Which She is Entitled**

Pursuant to the Court's order granting Plaintiff leave to depose 17 deponents, Plaintiff is entitled to and will depose nine (9) additional witnesses (beyond the depositions noticed) before the December 22, 2026 oral fact discovery deadline. Plaintiff's counsel will need to make strategic decisions about which additional witnesses to depose, and a review of the information and documents requested in the pending Motions to Compel will inform those decisions.

Advocate argues below that it learned for the first time in this Joint Status Report that

Plaintiff seeks to depose nine (9) additional witnesses and counts the 30(b)(6) deposition as one deposition. Not so. Plaintiff's Motion for Leave to Depose in Excess of 10 Deponents (Dkt. 118) clearly identified the Advocate 30(b)(6) deposition as one deposition on the proposed list of deponents. (Dkt. 118-1). And Advocate's argument ignores the fundamental purpose of Rule 30(b)(6) – to provide a mechanism to depose a corporation. A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity. *Canal Barge Co. v. Commonwealth Edison Co.,* 2001 WL 817853, at *1 (N.D. Ill. July 19, 2001). The deponent is "speaking for the corporation," presenting the corporation's position on the topic. *Id.* A corporation is "bound" by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be "bound" by his or her testimony. *Id.* The law is clear that "regardless of how many witnesses are designated to testify, the [30(b)(6)] deposition is one deposition of the corporation." *LKQ Corporation v. General Motors Company,* 2021 WL 4125097, at *4 (N.D. Ill. Sept. 9, 2021), *citing*, *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *3 (N.D. Ill. 2005)("The Advisory Committee Notes make clear that the drafters intended to avoid that problem by counting a 30(b)(6) deposition as a single deposition, regardless of how many individuals were required to be designated to comply with a 30(b)(6) notice.").

A Rule 30(b)(6) deposition of Advocate is an efficient discovery process, especially here where many Advocate personnel were involved in the events at issue in the Second Amended Complaint, including many personnel on several committees. Rule 30(b)(6) streamlines the discovery process, *SmithKline Beecham Corp. v. Apotex Corp.,* No. 98 C 3952, 2000 WL 116082, at *8 (N.D.Ill., Jan. 24, 2000), and is also "designed to prevent business entities from 'bandying,' [which is] the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity." *Id.*

Advocate has not filed a protective order or otherwise served written objections to Plaintiff's Amended Rule 30(b)(6) notice. The matters of examination are proper in scope and relevant and one Rule 30(b)(6) deposition of a corporate entity does not permit Advocate to bar Plaintiff from taking the depositions of other fact witnesses. Rule 30(b)(6) requires Advocate to identify and prepare one or more individuals to testify on matters known by the deponent and matters that should be reasonably known by the designating party. *Fed. Deposit Ins., Corp. v. Giancola*, No. 13 C 3230, 2015 WL 5559804, at *2 (N.D. Ill. Sept. 18, 2015) (compelling the FDIC to present testimony in response to Rule 30(b()(6) notice containing 17 matters of examination). Advocate's position below that one Rule 30(b)(6) notice of one defendant -- Advocate -- somehow constitutes depositions of 17 witnesses because of the number of matters of examination is unsupported and contrary to law. *LKQ Corporation,* 2021 WL 4125097, at *4.[2]

**B. <u>Defendants' Position Regarding the Number of Depositions to Which Plaintiff is Entitled</u>**

Defendants object to Plaintiff's conclusion that she is entitled to a total of 9 depositions *in addition to* the 7 (and potentially as many as 9) Rule 30(b)(6) designees. In Plaintiff's Motion for Leave to Exceed 10 Depositions, Plaintiff specified the 23 depositions she wished to pursue, 21 of which are current or former Advocate employees or staff. Pl. Mot. for Leave, Ex. A (Dkt. # 116-1). This Court granted Plaintiff leave to take a total of **17 depositions**. (Dkt. # 122). Plaintiff has since issued piecemeal deposition notices for **6 Advocate witnesses**: 2 of the individually-named Defendants and 4 Advocate-controlled witnesses, all of whom are identified in Plaintiff's Motion for Leave. *See* Pl. Mot. for Leave, Ex. A (Dkt. # 116-1). Advocate has since designated 7 additional

[2] Contrary to Advocate's argument below, Plaintiff has not found a "loophole" to the Court's order allowing 17 depositions. Plaintiff's list of proposed deponents always included a Rule 30(b)(6) deponent in addition to the other individual witnesses. (Dkt. 118-1). The fact that Advocate is designating individuals on Plaintiff's deponent list to testify on the 30(b)(6) matters is not a "loophole" created by the Plaintiff. Advocate selects the 30(b)(6) designees, not the Plaintiff.

individuals to testify to at least 7 of Plaintiff's 17 topics in her amended Rule 30(b)(6) notice, advising that supplements are forthcoming which may include additional designees. So far, **5 of Advocate's Rule 30(b)(6) witness designees** are individuals that Plaintiff listed in her Motion for Leave. *Id.* Thus, as it stands, Plaintiff has found a loophole that would allow her to proceed with **all but 1 of the 21** of the Advocate witness depositions she previously moved for leave to pursue because:

(1) Advocate is required to prepare and produce **11** of its employees/medical staff for depositions that were on Plaintiff's list of 21 Advocate employees to be deposed; and

(2) Plaintiff claims she is entitled to another **9 depositions**.

Plaintiff's position appears to violate the spirit of the Court's ruling limiting the total number of depositions Plaintiff can pursue to 17. This result is patently unfair and prejudicial to Advocate in its costs of defense in this case, which continue to multiply exponentially.

Plaintiff reasonably knew that Advocate would be required to designate multiple corporate representatives to fully comply with Rule 30(b)(6). To wit, Plaintiff's amended topic list (attached as **Ex. 1**) includes:

(1) The definition of the "relevant time period" for each topic is **2016 to 2024**; and

(2) 17 unique topics of inquiry with discrete subparts:

- **Paragraphs 1, 2, 3, and 14** inquire into the procedures, practices, policies and knowledge of three distinct Committees (the PQSC, PLC, and MEC);
- **Paragraphs 3 and 4** inquire into two distinct patient safety report software systems; Plaintiff acknowledges in her Instructions and Definitions and is aware from discovery in this case that the Origami system replaced the MIDAS system in 2024, and the two software systems present unique interfaces;
- **Paragraph 5** inquires into the circumstances of 19 MIDAS reports filed *against* Plaintiff between 2016 and 2023;
- **Paragraph 6** inquires into the circumstances of 10 MIDAS reports filed *by* Plaintiff between 2011 and 2021;
- **Paragraph 8** inquires into the separate circumstances under which Plaintiff's privileges were suspended in 2019, and in 2024;
- **Paragraph 9** includes 11 discrete subparts of inquiry;

- **Paragraph 13** broadly inquires into discrete subparts of information regarding *all* potential comparators to Plaintiff, *including but not limited to* those identified in Advocate's Court-Ordered productions in April and May 2026 (which, taken alone, included 18 individuals whom Advocate has maintained are *not* comparable to Plaintiff); and
- **Paragraph 14** also includes discrete subpart inquiries into the 18 alleged comparators.

The nature of topic **Paragraphs 5, 6, 8, 10, and 11** require Advocate to produce the individuals directly involved in these highly specific complaints and investigations that form the crux of Plaintiff's Third Amended Complaint -- the identities of whom Plaintiff already knows because *she expressly named them in her pleading* and listed them in her Motion for Leave. In other words, Advocate is not merely being called to produce a corporate representative who can speak to general policies, practices and procedures of the corporate entity. *See, e.g.,* **Ex. 1** at ¶¶ 1-4, 7, 9, 12 & 15. It is being forced to designate as a "corporate representative" the fact witnesses with *personal* knowledge about the material, disputed facts in this lawsuit. Plaintiff is misusing Rule 30(b)(6).

Defendants would have previously objected to or moved for a protective order regarding Plaintiff's amended topic list. However, defense counsel's receipt of Plaintiff's draft Joint Status Report is the first time Plaintiff has expressed her understanding that she is entitled to nine (9) depositions in addition to the Rule 30(b)(6) deponents. The Court expressed its intent in limiting to Plaintiff to 17 depositions that she would need to be strategic during oral discovery. Defendants are hard pressed to believe that the Court intended for Plaintiff to bend the spirit and purpose of Rule 30(b)(6) as said strategy. Defendants respectfully request clarity from the Court at the next hearing date regarding its intent in limiting Plaintiff to 17 depositions, as Defendants' designations of Rule 30(b)(6) deponents will be directly affected by such ruling.

July 2, 2026

Respectfully submitted,

/s/ _Kristi Nelson____________________
One of the Attorneys for Plaintiff

Lori E. Lightfoot
Lightfoot & Associates, P.C.
3434 W. Wrightwood
Chicago, Illinois 60647
(312) 753-8207
mll56@ltwstrategies.com

Kristi Nelson
Nancy A. Temple
Katten & Temple, LLP
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
(312) 663-0800
knelson@kattentemple.com
ntemple@kattentemple.com

/s/ ___Danessa Watkins______________
One of the Attorneys for Defendants

Heather A. Bailey
Danessa Page Watkins
Ryan L. Young
AMUNDSEN DAVIS, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3364
hbailey@amundsendavislaw.com
dwatkins@amundsendavislaw.com
ryoung@amundsendavislaw.com

Peter E. Hansen
Amundsen Davis, LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7971
phansen@amundsendavislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, a true and complete copy of the foregoing **JOINT STATUS REPORT** was electronically filed and served electronically upon all counsel of record via email generated by the Court's CM/ECF system.

/s/ Kristi Nelson ________________
One of the Attorneys for Plaintiff

Lori E. Lightfoot
Lightfoot & Associates, P.C.
3434 W. Wrightwood
Chicago, Illinois 60647
(312) 753-8207
mll56@ltwstrategies.com

Nancy A. Temple
Kristi Nelson
Katten & Temple, LLP
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
(312) 663-0800
ntemple@kattentemple.com
knelson@kattentemple.com