**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| JUDITH COTHRAN, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE HEALTH AND HOSPITALS CORPORATION, DOROTHY ANOINA, M.D. RICHARD MULTACK, D.O., and KARISSA BURNSON, R.N.,<br><br>Defendants. | ) | Case No. 1:24-cv-7251<br><br>Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Pursuant to this Court's Order of September 14, 2026 (Dkt. # 187), the parties respectfully submit the following Joint Status Report:

## I. REPORT ON MEDIATION

At the last hearing on September 14, 2026, the parties advised the Court that they were discussing private mediation. Plaintiff requested that Advocate make a reasonable settlement offer in order for Plaintiff to invest the time and resources in mediation. Advocate responded with what it considered to be a reasonable opening settlement offer, and defense counsel advised that Defendants intended to mediate in good faith. Plaintiff remains interested in settling this matter, but advised Advocate that the parties are too far apart at this time to make mediation worthwhile. Advocate advised that it disagreed. Additionally, Plaintiff did not agree that discovery should be stayed pending mediation. Advocate will not attend mediation absent a stay on discovery.

## II. CURRENT DISCOVERY STATUS

On June 8, 2026, the Court set an oral fact discovery deadline of December 22, 2026. (Dkt. # 141). On March 23, 2026, the Court granted Plaintiff leave to take 17 depositions. Plaintiff

intends to take 17 fact witness depositions. To date, the Court has not set deadlines for expert discovery. Plaintiff will have at least one expert witness.

To date, Plaintiff has taken eight fact witness depositions, as well as a portion of Advocate's 30(b)(6) deposition testimony (two deponents covering six of the 17 topics), and Defendants have deposed Plaintiff. Advocate's President is scheduled to be deposed individually and as a 30(b)(6) deponent on October 23 and 27, 2026. In addition, the parties are finalizing dates on two additional depositions pursuant to Plaintiff's notices, and Advocate has issued two subpoenas for depositions that have not yet been scheduled.

## III. PLAINTIFF'S REPORT OF OUTSTANDING DISCOVERY ISSUES

The parties have met and conferred on multiple discovery issues over the past few months. On September 28, 2026, Plaintiff's counsel (Kristi Nelson) sent Defendants' counsel (Danessa Watkins) a letter pursuant to Federal Rule of Civil Procedure 37(a)(1) to summarize pending issues and to attempt to resolve them without Court involvement. *See* 9/28/26 letter attached as Exhibit 1. On October 2, 9, 12 and 13, 2026, Defendants' counsel partially responded to the letter, but many issues remain outstanding. *See* emails dated October 2-13, 2026 attached as Exhibit 2.

While some of the discovery issues have been resolved, the following items remain outstanding:

1. <u>Production of Documents Regarding Comp Physicians 1-18.</u> On September 4, 2026, the Court ordered Advocate to produce documents sufficient to show what, if any, actions were taken against Comp Physicians 9-18 relating to the behavior complaints filed against them. To date, Advocate has not completed its production. Likewise, Advocate has not completed its production of documents sufficient to show what, if any, actions were taken against Comp Physicians 1-8 for their behavior-related complaints. While Advocate's counsel claims it is gathering the documents and will produce them on a rolling basis, Plaintiff requests the Court set an October 20, 2026 deadline for Advocate to complete this production.[1]

[1] Plaintiff's Amended 30(b)(6) Deposition Matters for Examination contain two topics (Topics 13 and 14) related to Comp Physicians 1 through 18. Advocate has objected to producing a 30(b)(6) witness to testify

2. HR Investigation and Case Files. Plaintiff deposed Megan Carothers (HR) on September 9, 2026. During her deposition, she identified several key documents relating to the investigation of complaints filed by and against Dr. Cothran, including her own investigation notes, three Workday case files, and an investigation protocol document. Advocate did not produce those documents before Carothers' deposition. Plaintiff's counsel requested production of these materials during the deposition. Advocate's counsel produced the investigation notes at the deposition but has not produced the other documents to date despite multiple follow-up requests. *See* Exhibits 1 and 2. Advocate's counsel claims it is working on the requests. Plaintiff asks the Court to set an October 20, 2026 deadline for Advocate to complete this production.

3. Audio Recordings of PQSC, PLC and MEC meetings. During their depositions, two Advocate leaders testified that the PQSC, PLC, and MEC meetings were regularly audio-recorded. One fact witness (LaDonna Daniels) testified that audio recordings were deleted after preparing the meeting minutes. However, she did not make the audio recordings and minutes for all relevant meetings. Plaintiff's counsel requested production of audio recordings for relevant meetings. In response, Advocate's counsel pointed to Ms. Daniels' deposition testimony that recordings were deleted and stated that counsel was confirming the same was true with respect to the PQSC recordings. *See* Exhibit 2. Advocate's response is insufficient. Ms. Daniels lacks personal knowledge as to whether Advocate deleted all PQSC, PLC, and MEC recordings, and Advocate has not indicated that it conducted a diligent search for such recordings. Plaintiff requests that the Court order Advocate and its counsel to conduct a diligent search for audio recordings of the relevant PQSC, PLC, and MEC meetings and to produce them by October 27, 2026. For audio recordings that were deleted, Plaintiff seeks an order requiring Advocate to identify the dates of deletion.

4. Trending and Tracking Reports. During her September 17, 2026 deposition, Dr. Simpson (former Medical Staff President) testified that monthly trending and tracking reports of physician behavior complaints were presented at monthly PQSC/PLC meetings. Advocate did not produce these documents with the relevant PQSC and PLC meeting minutes. During and after the deposition, Plaintiff's counsel requested that Advocate supplement its production with these documents, but Advocate's counsel objected, citing the PQSIA privilege. *See* Exhibits 1 and 2 at Item #8. Advocate did not include these documents on its PQSIA privilege log. Plaintiff's counsel first learned of the documents during the September 17, 2026 deposition. Plaintiff requests an order requiring Advocate to produce the reports referring to Plaintiff and the Comp Physicians by October 20, 2026.

5. PowerPoint Presentations. During her September 23, 2026 deposition, Ms. Daniels identified PowerPoint presentation materials presented at PLC and MEC monthly

---

regarding these matters. Plaintiff intends to seek limited 30(b)(6) deposition testimony on these matters but will not know the extent of the testimony needed until all documents relating to Comp Physicians 1 through 18 are produced. The parties continue to dispute this issue, but Plaintiff's counsel will continue to confer with defense counsel after receiving the complete production.

meetings and stated that she kept and maintained the presentations in her office. Plaintiff's counsel requested the production of any such presentations that referred or related to Plaintiff or the Comp Physicians. In response, Advocate's counsel agreed to produce those that refer to Plaintiff but not to the Comp Physicians. Plaintiff requests that the Court order Advocate to produce all presentations made to the PQSC, PLC and MEC relating to the Plaintiff and Comp Physicians' behavior complaints by October 20, 2026.

6. Missing Meeting Minutes. Based on Drs. Simpson, Lewis, and Ms. Daniels' testimony, it is apparent that Advocate has not produced all of the PLC and MEC meeting minutes where Dr. Cothran or the Comp physicians were discussed. We have very few PLC and MEC meeting minutes, even though Dr. Lewis testified PLC met monthly and discussed Dr. Cothran at multiple meetings (more frequently than reflected in the currently produced meeting minutes), and Ms. Daniels testified that each committee met monthly.

7. Dr. Anoina's Personal Emails. During her August 28, 2026 deposition, Defendant Dr. Anoina testified that she searched her personal email account and found approximately 20 documents relevant to the litigation. On further questioning, Dr. Anoina testified that she told Advocate's counsel she had responsive documents, but that they were never collected. After a break, Advocate's counsel stated that Dr. Anoina's emails had been collected and produced. Plaintiff's counsel asked for Bates-number identification of the documents produced from Dr. Anoina's personal email account. Although Advocate's counsel has stated that it is reviewing the request and would respond, it has not done so to date. Plaintiff requests that the Court order Advocate to respond by October 20, 2026.

8. Dr. Rashard Johnson (Advocate's Former President) Deposition. Plaintiff served defense counsel with a deposition notice for Advocate's former President, Rashard Johnson, in April 2026. Advocate's counsel stated that they were not representing Mr. Johnson and were not authorized to accept service of the deposition notice or a subpoena. Advocate's counsel provided the last known address for Dr. Johnson (Atlanta, Georgia suburbs) and the name and contact information for Dr. Johnson's counsel in North Carolina. Plaintiff attempted to serve Dr. Johnson multiple times in Georgia with a private process server. Plaintiff also contacted the North Carolina counsel, but he stated he did not represent Mr. Johnson and was not authorized to accept service. Plaintiff requested Mr. Johnson's telephone numbers and email address. One telephone number provided by Advocate is no longer in service and the other telephone number is for Advocate Trinity (Mr. Johnson's former Advocate office number). Plaintiff has emailed Mr. Johnson but has not received a response. Mr. Johnson was working for Advocate's parent company, Atrium, until he left in April 2026. Plaintiff requests that the Court permit alternative service of Mr. Johnson with a subpoena served by email, United States mail to his home in Georgia, and by personal delivery posted on the gate to his gated home.

## IV. ADVOCATE'S REPORT AND RESPONSE TO PLAINTIFF'S REPORT OF OUTSTANDING DISCOVERY ISSUES

Advocate complied with this Court's September 14, 2026 Order and made a supplemental production on September 28, 2026. (Dkt. # 187). Advocate has also been diligently working to comply with Plaintiff's supplemental discovery requests amidst its regular preparation and production of Advocate witnesses for deposition testimony.

Advocate does not believe there are any discovery disputes that require Court intervention. Notwithstanding, to preserve the record, Advocate briefly responds to Plaintiff's above list of purported discovery issues:

1. <u>Production of Documents Regarding Comp Physicians 1-18.</u>
   Regarding alleged Comps 1-8, Advocate has completed its production. On October 13, 2026 (the date of this filing), Advocate forwarded to defense counsel the PQSC and peer review records for alleged Comps 9-18. Defense counsel has not yet had an opportunity to assess the volume of documents, but intends to evaluate, redact, and produce these documents as soon as practicable. As described at the September 14, 2026 hearing, part of defense counsel's review will include a designation of the dates that each alleged comparable physician was before the PQSC (if at all), and those dates will then be provided to a different department of Advocate to facilitate its search for responsive PLC and MEC minutes. Defense counsel will be prepared to provide an update on these matters at the next Court hearing.

2. <u>HR Investigation and Case Files.</u>
   Between October 12 and 13, 2026, Advocate produced the majority of these documents to its defense counsel, who will evaluate and produce these documents as soon as practicable. Defense counsel reasonably anticipates that it will receive the outstanding requested documents specific to two of the Workday case files by end of week, and will promptly supplement its production accordingly. Defense counsel will be prepared to provide an update on these matters at the next Court hearing.

3. <u>Audio Recordings of PQSC, PLC and MEC meetings</u>.
   Advocate has performed a diligent search for audio recordings of committee meetings, in general, and confirmed that such recordings do not exist. As two Advocate witnesses testified under oath, the meetings were recorded for transcription purposes to prepare the minutes. Those recordings were deleted and/or destroyed per routine procedure after the minutes were prepared.

   Advocate objects to Plaintiff's request for an order requiring Advocate identify the dates of deletion as overly broad, unduly burdensome, and in no way proportional to

the needs of the case. Plaintiff has not identified the date of any meeting by any of the three committees for which she is specifically requesting recordings. Plaintiff has not attempted to support her alleged right to unfettered access these highly confidential meetings where members are discussing non-parties that are not similarly situated to Plaintiff, matters this Court determined were privileged pursuant to the Federal Patient Safety and Quality Improvement Act (Dkt. # 187), and issues that have no relevance to the claims and defenses of this lawsuit. Moreover, even if Plaintiff provided a list of specific meetings by each committee, Advocate has no way to determine the specific date that an audio recording of the meeting (to the extent it ever existed) was deleted per routine procedure. Advocate has produced and continues to produce the committee meeting minutes relevant to this lawsuit, and has produced and will continue to produce witnesses to further testify to particular meetings. Accordingly, this request is duplicative, at best, and should be denied.

4. Trending and Tracking Reports.
Dr. Simpson testified that the Excel tracking and trending reports were reviewed in real time during PQSC meetings, where applicable, and were generated directly from the MIDAS reports. Plainly, these reports fall within the protections afforded by Federal Patient Safety and Quality Improvement Act and are not subject to discovery. (Dkt. # 187). The discovery carveout the Court has allowed on these tracking and trending reports is as follows: (1) Advocate must produce reports that reflect data on Dr. Cothran with such data unredacted, which Advocate did as part of its original ESI production pursuant to the parties' agreed ESI protocol; and (2) if those *already-produced* spreadsheet reports also contain data on an alleged Comp 1-18 physician, that information must also be unredacted, which Advocate completed as of its September 28, 2026 production. Plaintiff did not move to compel and the Court did not order Advocate to engaged in a new round of ESI review of all tracking and trending reports. Contrary to Plaintiff's statement, Advocate *has* identified these reports in its ESI Redaction Privilege Log. *See, e.g.,* Dkt. #178-3 at rows 380, 381, 382, 384. Accordingly, Advocate has fully complied with its discovery obligations to this end, and Plaintiff's improper, unduly burdensome, and untimely request for supplement should be properly denied.

5. PowerPoint Presentations.
Similar to No. 4, Advocate has already produced PowerPoint presentations prepared for committee meetings that were returned pursuant to the parties' agreed ESI protocol, and unredacted information pertaining to Dr. Cothran. *See, e.g.,* Dkt. #178-3 at rows 105, 270, 273. Pursuant to Court Order, Advocate supplemented its production on September 28, 2026, and removed any redactions of information regarding alleged Comps 1-18. Plaintiff did not move to compel and the Court did not order Advocate to engaged in a new round of ESI review of all PowerPoints pertaining to the alleged comparable physicians. Accordingly, Advocate has fully complied with its discovery obligations to this end, and Plaintiff's improper, unduly burdensome, and untimely request for supplement should be properly denied.

6. Missing Meeting Minutes.

Advocate objects to Plaintiff's conclusion based on its interpretation of vague testimony. The same witnesses' testimony also supports reasonable explanations as to why more minutes do not exists, such as the fact that matters discussed during the committees' closed sessions were not recorded in the monthly minutes. Based on the agreed ESI protocol Advocate employed, it has no reason to believe that its discovery production is deficient. Advocate will adhere by its duty to supplement should it discover additional responsive materials.

7. Dr. Anoina's Personal Emails.
Advocate is evaluating its ESI production to confirm that all emails received from Dr. Anoina's personal email have been produced. It has no objection to Plaintiff's request for this confirmation and will timely comply.

8. Rashard Johnson (Advocate's Former President) Deposition.
Advocate has complied in good faith with all of Plaintiff's requests for information to serve Mr. Johnson. Advocate does not have contact with or control over this witness. However, it reserves the right to provide Mr. Johnson with defense counsel at his deposition regarding his former employment with Advocate should Mr. Johnson wish to accept such representation.

October 13, 2026

Respectfully submitted,

/s/ _Kristi Nelson____________________
One of the Attorneys for Plaintiff

Lori E. Lightfoot
Lightfoot & Associates, P.C.
3434 W. Wrightwood
Chicago, Illinois 60647
(312) 753-8207
mll56@ltwstrategies.com

Kristi Nelson
Nancy A. Temple
Katten & Temple, LLP
33 N. Dearborn St., Suite 1800
Chicago, IL 60602
(312) 663-0800
knelson@kattentemple.com
ntemple@kattentemple.com

/s/ Heather A. Bailey________________
One of the Attorneys for Defendants

Heather A. Bailey
Danessa Page Watkins
Ryan L. Young
AMUNDSEN DAVIS, LLC
150 N. Michigan Avenue, Suite 3300

Chicago, IL 60601
(312) 894-3364
hbailey@amundsendavislaw.com
dwatkins@amundsendavislaw.com
ryoung@amundsendavislaw.com

Peter E. Hansen
Amundsen Davis, LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7971
phansen@amundsendavislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, a true and complete copy of the foregoing **JOINT STATUS REPORT** was electronically filed and served electronically upon all counsel of record via email generated by the Court's CM/ECF system.

/s/ Kristi Nelson ________________
One of the Attorneys for Plaintiff

Lori E. Lightfoot
Lightfoot & Associates, P.C.
3434 W. Wrightwood
Chicago, Illinois 60647
(312) 753-8207
mll56@ltwstrategies.com

Nancy A. Temple
Kristi Nelson
Katten & Temple, LLP
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
(312) 663-0800
ntemple@kattentemple.com
knelson@kattentemple.com